**McELHINEY et al., Board of Com'rs of Harper County, v. LEWIS.**

No. 12092—Opinion Filed Jan. 11, 1923.

Rehearing Denied Feb. 13, 1923.

(Syllabus.)

**1. Counties—Salaries of Judge and Attorney—Statute.**

Section 3250, Revised Laws 1910, as amended by chapter 68, Session Laws of 1911, fixes the salaries of the county judge and county attorney in counties having a population of over seven thousand and not exceeding ten thousand at $1,500 per annum.

**2. Same—Salary of County Attorney—Affirmance.**

Record examined, and held, that the judgment of the trial court be reversed, and the cause remanded, with direction.

Error from District Court, Harper County; Arthur G. Sutton, Judge.

Action by W. C. Lewis against P. E. McElhiney and others, as Board of Commissioners of Harper County, for salary as county attorney. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

J. L. Griffith, for plaintiff in error.

Charles Swindall, for defendant in error.

JOHNSON, J. On November 4, 1919, W. C. Lewis, as plaintiff, commenced an action in the district court of Harper county against the board of county commissioners to recover the sum of $250, alleged to be the balance due him as salary as county attorney of said county for the months of January, February, March, April, May, and June, 1919, at the rate of $66.66 per month; which claim the plaintiff alleged had been rejected by the board of county commissioners of said county. The commissioners, as defendants, filed answer, and the cause proceeded to trial before the court without the intervention of a jury, and resulted in a judgment in favor of the plaintiff for the sum sued for. The defendants filed a timely motion for a new trial, which was overruled by the court and exceptions saved, and thereafter the defendants commenced this proceeding in error to reverse such judgment.

The determination of this appeal rests upon the construction to be placed upon certain sections of the statute of 1910 and chapter 68, Session Laws 1911, fixing the salaries of county officials.

For convenience, the parties will hereinafter be referred to as plaintiff and defendants respectively, as they appeared in the trial court.

The plaintiff brought his action under section 3250 of Revised Laws of 1910, the applicable portions of which are as follows:

"In counties having less than fifteen thousand inhabitants, where the assessed valuation of property is over nine million dollars, then the salary of the officers of such county shall be equal to that of the officers of counties having a population of twenty thousand. * * *"

The assessed valuation of property in Harper county, as fixed by the State Equalization Board for 1919, was $9,107,625, as shown by the testimony of the county assessor, which was not disputed, and the population of Harper county was 8,189 inhabitants.

It is further provided in section 3250, Revised Laws of 1910, that:

"In counties having less than ten thousand inhabitants, where the assessed valuation of property for purposes of taxation equals that of any county in the state having from ten to fourteen thousand inhabitants, then the sheriff, treasurer, and county attorney of such counties having less than ten thousand inhabitants shall be allowed the same compensation or salary as the sheriff, treasurer, and county attorney and county clerk of counties having from ten to fourteen thousand inhabitants."

It is clear from the foregoing section of the statute that the Legislature, for the purpose of fixing the salaries of county officials, was dealing with two classes of counties; the first class being counties having less than 15,000 inhabitants and where the assessed valuation of property is over $9,000,000, in which the salaries of the officers of such county shall be equal to that of the officers of counties having a population of 20,000. The allegations of the plaintiff's petition were, in effect, that Harper county was within this class, and the evidence supported the allegations of the petition.

The other class is counties having less than 10,000 inhabitants and where the assessed valuation of property for purposes of taxation equals that of any county of the state having from 10,000 to 14,000 inhabitants, and it is provided that the sheriff, treasurer, and county attorney of such counties having less than 10,000 inhabitants shall be allowed the same compensation or salary of the same offices of counties having from 10,000 to 14,000 inhabitants. Then follows a provision making it the duty of the State Board of Equalization to issue to the board of county commissioners, of the last named class of counties, a certificate of that fact.

The plaintiff's petition contained no allegation that Harper county came within the latter class named, and there was no proof tendered to that effect. But, upon the contrary, the proof clearly shows that it did not come within the latter class.

It is clear that in the first class all of the county officers are embraced within its provisions, and it applies to counties having less than 15,000 inhabitants and where the assessed valuation of the property is over $9,000,000. And in the latter class the salary of the sheriff, treasurer, and county attorney only are mentioned; and where the population is less than 10,000 inhabitants and the assessed valuation of property for purposes of taxation equals that of any county in the state having from 10,000 to 14,000 inhabitants, which makes the conditions entirely different in each class.

Defendant in error contends in his brief that the language used in the second class of counties, "Where the assessed valuation of property for the purposes of taxation" applies to the first mentioned class of counties, where the language is, "Where the assessed valuation of the property is over $9,-000,000," and that, applying that rule to the instant case and subtracting from the total assessment of Harper county of $9,107,625 the assessed valuation of exempt property as shown by the assessor's books in the sum of $153,600, leaving a balance subject to taxation of $8,954,025, as the net valuation, would take Harper county out of the first class mentioned in the act, and therefore making the plaintiff's salary, as county attorney, $125 per month, instead of $166.-66 2-3, as contended for by plaintiffs in error.

Section 3250, Revised Laws of 1910, supra, is found in chapter 31, which chapter fixes the fees to be charged by county officers for services performed by them in their official capacity, and provides that such county officers shall make reports to the county treasurer of all fees collected by them, paying the amount thereof into the county treasury and taking receipts for the same; and classifies the counties according to population and assessed valuation, and prescribes the salaries to be paid county officials, and the manner of the payment thereof. And under such classification, as we have seen, under section 3250, supra, in counties having less than 15,000 inhabitants where the assessed valuation of property is over $9,0000,000, then the salaries of the officers of such county shall be equal to that of officers of counties having a population of 20,000; which, according to the schedule, fixes the maximum amount of salaries of county officers of counties having a population of 20,000 at $2,000 per annum, or $166.66 2-3 per month.

Chapter 31, Revised Laws 1910, as amended by chapter 68, Session Laws 1911, approved March 11, 1911, we think contains the law that is applicable in the instant case and governs the salaries of the county officers of Harper county, including the defendant in error as county attorney. The extraordinary session of the Second Legislature began on the 20th day of January, 1910, and ended on the 19th day of March, 1910. Chapter 69 of the Session Laws passed by that session of the Legislature contained the county fee and salary law, which was approved March 19, 1910. The regular session of the Third Legislature convened on the 3rd day of January, 1911, and that session of the Legislature enacted chapter 39 of the Session Laws of 1911, adopting the Harris-Day Code (Revised Laws 1910), which act was approved March 3, 1911. And section 2, among other things, provides that:

"All general or public laws of the state of Oklahoma not contained in said revision are hereby repealed. * .* * . Provided, further, that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature which convened in January, 1910."

Section 3 of the act provides, among other things, that:

"This act shall take effect and be in force from and after the 30th day after the receipt, by the Secretary of State, of the supply of the Revised Laws of the state of Oklahoma, by this act adopted, in printed form, for the use of the state."

And it further provides that the secretary of state should issue proclamation and publish the same, fixing the date the act should take effect. Such date was fixed, in pursuance of the act, by proclamation of the Secretary of State, as May 16, 1913.

Section 1 of chapter 68 of Session Laws of 1911, supra, among other things, provides as follows:

"Section 1. That section 29 of an act entitled, 'An Act relating to certain county and district officers,' and chapter 69 of the Session Laws of 1910, approved March 19, 1910, be and the same is hereby amended to read as follows: 'The county judge and county attorney of each county shall receive as full compensation the following salaries, in counties having a population of over seven thousand and not exceeding ten thou-

sand, the sum of $1,500 each per annum.'"

This, it will be observed, makes no reference to valuation of property.

As we have seen, Harper county contained 8,189 inhabitants; therefore, the foregoing amendment fixed the salaries of the county judge and county attorney at $1,500 per annum, and no more; but did not affect the salaries of the other county officials, as they were fixed by section 3250, Revised Laws of 1910, as hereinbefore stated.

Having reached this conclusion, it, therefore, follows that the judgment of the district court of Harper county in the instant case must be reversed. And it is so ordered, and the cause is remanded, with direction to further proceed in accordance with the views herein expressed.

McNEILL, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.